JN:PJC
F. #2021R000281

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - X | **TO BE FILED UNDER SEAL** |
| UNITED STATES OF AMERICA | C O M P L A I N T |
| - against - | 21-MJ-1217 |
| ROGELIO VEGA, | (18 U.S.C. § 2422(b)) |
| Defendant. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - X | |

EASTERN DISTRICT OF NEW YORK, SS:

    ELIZABETH JENSEN, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation's ("FBI") Child Exploitation and Human Trafficking Task Force (the "Task Force"), duly appointed according to law and acting as such.

    In or around and between April 2019 and December 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROGELIO VEGA, using one or more means of interstate and foreign commerce, to wit: the internet and mobile internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which a person could be charged with criminal offenses, to wit: criminal sexual act in the second degree, in violation of New York Penal Law Section 130.45(1).

    (Title 18, United States Code, Section 2422(b))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I have been a Special Agent with the FBI since 2015 and a Task Force Officer since 2017. While at the FBI, I have been involved in the investigation of numerous cases involving child exploitation and child pornography, including violations pertaining to the production, possession, distribution and receipt of child pornography as well as the enticement of minors to engage in illicit sexual conduct in violation of Title 18, United States Code, Sections 2242, 2251 and 2252. I have received training in investigating child pornography and child exploitation cases and I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256[2]) in all forms of media, including computer media. Through my experience in these investigations, I have become familiar with methods of determining whether a child depicted in a pornographic photograph or video is a minor.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation, my review of the investigative file, including the defendant's criminal history record, and from reports of other law enforcement officers involved in the investigation.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

[2] As defined in Title 18, United States Code, Section 2256, "'child pornography' means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—(A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct."

3.      On January 19, 2021, New York City Police Department ("NYPD") officers arrested the defendant ROGELIO VEGA for attempting to lure a 14-year-old boy, portrayed over internet applications by an undercover NYPD officer and in person by a female undercover NYPD officer who presents as a teenage male, to engage in sexual activity and to provide VEGA with sexually explicit images and/or video.   VEGA was charged with attempted use of a child in a sexual performance, in violation of New York Penal Law ("NYPL") Section 263.05, attempted criminal sexual act in the second degree, in violation of NYPL Section 130.45, attempted dissemination of indecent material to minors in the first degree, in violation of NYPL 235.22, and attempting to endanger the welfare of a child, in violation of NYPL 260.10.  Incident to his arrest, NYPD officers recovered five cellular telephones from VEGA's person and his vehicle.   On April 15, 2021, the Honorable Roanne L. Mann, United States Magistrate Judge, issued a search warrant authorizing the search of four of the five cellular telephones (the "Subject Devices").

4.      A forensic review of the Subject Devices revealed that on April 30, 2019, John Doe #1, a 16-year old male whose identity is known to your affiant, communicated with the defendant ROGELIO VEGA on Kik,[3] an Internet-based communication application.   The April 30, 2019 messages suggested that this was not the first time VEGA and John Doe #1 had communicated.   VEGA sent John Doe #1 a number of sexually-oriented messages, including (i) "Have you ever fuck [sic] another guy before?"; (ii) "We can try next time . . . when are you

---

[3]      Kik, operated by MediaLab.Ai Inc., is a United States Company that offers a free instant messaging application, Kik Messenger.   Kik markets itself as "the only chat platform built especially for teens and as a clear leader in chatbots, Kik will become the central hub for everyday life for teens across the world as we grow."   Through the application, users can transmit and receive messages, photos, videos, sketches, mobile webpages and other content, both publicly (to all users or groups of users) and privately (to a specific user).

free"; and (iii) asking, "You about to cum."   VEGA repeatedly asked John Doe #1 to show him images or video of John Doe #1, including (i) "Put the camera down so I can see you"; (ii) saying "I can't see you"; and (iii) instructing John Doe #1 to "show me."   Based on my training and experience, these messages likely indicate that VEGA and John Doe #1 were participating in a live video feed, although that video was not recorded on VEGA's cellular device.

5. On July 24, 2019, the defendant ROGELIO VEGA attempted to arrange to meet John Doe #1 to engage in sexual activity.   VEGA sent John Doe #1 a Kik message, "Where are you located now?" and "When can I see you?"   When John Doe #1 told VEGA that he was working, VEGA replied, "Send me xxxpics [o]r a video."

6. Kik messages recovered from the Subject Devices demonstrate that the defendant ROGELIO VEGA had sexual contact with John Doe #1.   On September 27, 2019, VEGA asked John Doe #1 the last time John Doe #1 he had sex, to which John Doe #1 replied, "When i was with u."   On November 21, 2019, VEGA asked John Doe#1, "Have you had sex with other guys?" and, "When was your last time you had sex with others?"   John Doe #1 responded, ". . . only with u."   On July 8, 2020, VEGA communicated with John Doe #1, who apparently had forgotten VEGA, writing, "We met a few times in my car . . . black SUV."   John Doe #1 responded, "Wait was i the one who said if we could do it raw [unprotected] . . . [a]nd i forgot my charger in your car??"   VEGA responded, "Yes."   On November 2, 2020, VEGA asked John Doe #1 if he had sex with anyone else, and John Doe #1 responded he had, but that VEGA was "way better than him."

7. Messages found on the Subject Devices also make clear that the defendant ROGELIO VEGA sent and received a number of communications suggesting he knew John Doe #1 was under 18 years' old.   For example, on July 2, 2019, VEGA asked John Doe #1, "How

about if your parents see when I text you?"   On September 27, 2019, John Doe #1 told VEGA that he could not meet "rn [right now] im in school" and told VEGA he went to "George westing house," which he told VEGA is in "Downtown Brooklyn."   On information and belief, George Westinghouse is a public high school in Brooklyn, New York.   On October 5, 2020, VEGA messaged John Doe #1, "I have a friend that want a 3sum."   VEGA asked John Doe #1, "How old are you again?" and John Doe #1 replied, "16."   VEGA responded, "Ok [b]ut will you be able to come to a motel?"   On October 26, 2020, VEGA messaged John Doe #1, "I'm into young guys."

8.   The contents of the Subject Devices also demonstrate that the defendant ROGELIO VEGA received pornographic images of John Doe #1 from John Doe #1 while he was under the age of 18.   On August 15, 2019, John Doe #1 sent VEGA two videos showing his nude buttocks and one video, file name 27e6e361-d7a3-4cd2-8dac-c39136d7be7c, which showed John Doe #1's penis.   Law enforcement has reviewed these files, and the video of John Doe #1's penis constitutes child pornography as defined under 18 U.S.C. § 2256.

9.   During an interview of John Doe #1, he confirmed that he received nude photographs from the defendant ROGELIO VEGA, sent VEGA via Kik approximately 20 images and videos, including videos of John Doe #1 masturbating, and that he and VEGA conducted at least ten video chats where VEGA would watch John Doe #1 masturbate.   John Doe #1 also confirmed that he first met VEGA when he was approximately 15 years old and they had anal and oral sex inside VEGA's vehicle approximately five to ten times.   John Doe #1 also stated that VEGA instructed him not to tell anyone because VEGA "could get arrested."

10.   I request that the Court order that all papers in support of this application, including the affidavit and arrest warrant, be sealed until further order of the Court, other than for

purposes of effectuating arrest out of this District. These documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving the target an opportunity to destroy or tamper with evidence, change patterns of behavior or flee from prosecution.

WHEREFORE, your deponent respectfully requests that the Court issue an arrest warrant for the defendant ROGELIO VEGA, so that he may be dealt with according to law.

_____
ELIZABETH JENSEN
Special Agent, Federal Bureau of Investigation

Sworn to before me by telephone this
26th day of October, 2021

_____
THE HONORABLE CHERYL L. POLLAK
CHIEF UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK