JN:PJC
F. #2021R00254

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ROGELIO VEGA,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No.  1:21-cr-00563(CBA)(SJB)
(T. 18, U.S.C., §§ 981(a)(1)(C), 2251(a),
2251(e), 2252(a)(4)(B), 2252(b)(2),
2253(a), 2253(b), 2422(b) and 3551
et seq.; T. 21, U.S.C., § 853(p);
T. 28 U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Coercion and Enticement of a Minor – John Doe #1)

1.     In or about 2015, within the Eastern District of New York and elsewhere,

the defendant ROGELIO VEGA, using one or more facilities and means of interstate and foreign

commerce, to wit: the internet and mobile internet applications, did knowingly and intentionally

persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to

wit: John Doe #1, an individual whose identity is known to the Grand Jury who VEGA believed

to be a 15-year-old boy, to engage in sexual activity for which a person can be charged with one

or more criminal offenses, to wit: use of a child less than 17 years old in a sexual performance, in

violation of New York Penal Law Section 263.05.

       (Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

COUNT TWO
(Coercion and Enticement of a Minor – John Doe #2)

2.     In or about and between April 2019 and November 2020, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant

ROGELIO VEGA, using one or more facilities and means of interstate and foreign commerce, to wit: the internet and mobile internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: John Doe #2, an individual whose identity is known to the Grand Jury who VEGA believed to be a 16-year-old boy, to engage in sexual activity for which a person can be charged with one or more criminal offenses, to wit: use of a child less than 17 years old in a sexual performance, in violation of New York Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## COUNT THREE
(Possession of Child Pornography)

3.      In or about and between April 2019 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROGELIO VEGA did knowingly and intentionally possess with intent to view matter which contained one or more visual depictions, to wit: digital images and videos stored on an iPhone 8 cellular telephone, unique device identification ("UDID") 9cfd2e62abbfd3fc7510aaf636ee39d49d9bc2ca, and an iPhone 7 cellular telephone, UDID 483b73122e40577cd7ca2841d253173eec4e9017, that had been mailed, and had been shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions having been of such conduct.

(Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## COUNT FOUR
(Sexual Exploitation of a Minor – John Doe #2)

4.     In or about and between August 15, 2019 and July 8, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROGELIO VEGA, did knowingly and intentionally employ, use, persuade, induce, entice and coerce a minor, to wit: John Doe #2, to engage in sexually explicit conduct, and attempt to do so, for the purpose of producing one or more visual depictions of such conduct, knowing and having reason to know that such visual depictions were produced and transmitted using a means and facility of interstate and foreign commerce and which would be in and affecting interstate and foreign commerce, which visual depictions were produced and transmitted using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, to wit: one or more mobile or internet devices, computers and smartphones, and such visual depictions were actually transported and transmitted using one or more means and facilities of interstate and foreign commerce in and affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 2251(a), 2251(e) and 3551 et seq.)

## COUNT FIVE
(Coercion and Enticement of a Minor – John Doe #3)

5.     In or about and between July 18, 2020 and January 6, 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROGELIO VEGA, using one or more facilities and means of interstate and foreign commerce, to wit: the internet and mobile internet applications, did knowingly and intentionally persuade, induce, entice and coerce an individual who had not attained the age of 18 years, to wit: John Doe #3, an individual whose identity is known to the Grand Jury who VEGA believed

to be a 14-year-old boy, to engage in sexual activity for which a person can be charged with one or more criminal offenses, to wit: use of a child less than 17 years old in a sexual performance, in violation of New York Penal Law Section 263.05.

(Title 18, United States Code, Sections 2422(b) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE, TWO AND FIVE

1.      The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts One, Two and Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

2.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

            (a)      cannot be located upon the exercise of due diligence;

            (b)      has been transferred or sold to, or deposited with, a third party;

            (c)      has been placed beyond the jurisdiction of the court;

            (d)      has been substantially diminished in value; or

            (e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS THREE AND FOUR

3.      The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts Three and Four, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), which requires the forfeiture of (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Title 18 of the United States Code, or any book, magazine, periodical, film, videotape or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting, or traceable to, gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses or any property traceable to such property, including but not limited to: one (1) iPhone 8, UDID 9cfd2e62abbfd3fc7510aaf636ee39d49d9bc2ca; and one (1) iPhone 7, UDID 483b73122e40577cd7ca2841d253173eec4e9017, seized from the defendant on or about January 19, 2021 in Queens, New York.

4.      If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

        (f)      cannot be located upon the exercise of due diligence;

        (g)      has been transferred or sold to, or deposited with, a third party;

        (h)      has been placed beyond the jurisdiction of the court;

6

        (i)      has been substantially diminished in value; or

        (j)      has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 2253(b), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture

allegation.

        (Title 18, United States Code, Sections 2253(a) and 2253(b); Title 21, United States

Code, Section 853(p))

A TRUE BILL

_____
*Deputy* FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00254
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

## ROGELIO VEGA,

Defendant.

## INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 2251(a), 2251(e), 2252(a)(4)(B), 2252(b)(2), 2253(a), 2253(b), 2422(b) and 3551 et seq.; T. 21, U.S.C., § 853(p), T. 28 U.S.C., § 2461(c))

*A true bill.*

_____
                                                          Deputy   *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____   *Clerk*

*Bail, $* _____
                _____

*Patrick J. Campbell, DOJ Trial Attorney (718) 254-6366*